IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

        vs.

MIGUEL MADRIGAL-SANCHES,

        Defendant.

CR 03-485-RE
CV 05-1600-RE

OPINION AND ORDER

Charles Stuckey
Assistant United States Attorney
1000 S.W. Third, Suite 600
Portland, Oregon 97204

    Attorney for Plaintiff

Miguel Madrigal-Sanches
Reg. No. 67476-065
FCI Sheridan/Legal Mail
P.O. Box 5000
Sheridan, OR 97378

    Defendant Pro Se

Page 1  –  OPINION AND ORDER

REDDEN, Judge:

The matter before the court is defendant Miguel Madrigal-Sanches' petition (doc. 158) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Madrigal-Sanches was one of several defendants charged in a multi-count indictment with possession with intent to distribute and distribution of methamphetamine. On April 3, 2004, defendant entered a guilty plea to count 3 of the superseding indictment which charged violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), which requires a 10-year mandatory minimum sentence for possession with intent to distribute in excess of 500 grams of methamphetamine.

On July 8, 2004, after defendant's guilty plea, I permitted John Storkel to withdraw as counsel for Madrigal-Sanches and Daniel L. Feiner was appointed to continue representation.

Assistant United States Attorney Charles Stuckey asserts in his response to defendant's petition that before the appointment of new counsel, the government was prepared to recommend to the court a sentence of 168 months, which was the low end of the applicable guideline range as calculated both by the government and the U.S. Probation Office. Through discussion and negotiations between the government and Mr. Feiner, the government ultimately changed its recommendation to 120 months, which was embodied in the plea agreement later dated September 21, 2004. At paragraph 6 of the plea agreement, defendant admitted that the amount of methamphetamine involved was between 500 and 1500 grams.

On October 21, 2004, I sentenced defendant to 120 months of imprisonment.

In his 2255 petition, defendant raises claims of ineffective assistance of counsel

for failing to discuss the presentence report and error under <u>United States v. Booker</u>, 125 S.Ct. 738 (2005).

A. <u>Ineffective Assistance of Counsel</u>.

To prevail on a claim of ineffective assistance of counsel, defendant must show that (1) his counsel's performance was deficient in that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed defendant by the Sixth Amendment; and (2) the deficient performance prejudiced the defense (*i.e.*, counsel's errors were so serious as to deprive defendant of a fair trial – a trial whose results are reliable). <u>Strickland v. Washington</u>, 466 U.S. 668, 690 (1984). Failure to make the required showing on either prong defeats the ineffectiveness claim. <u>Id.</u> at 700.

To establish deficient performance of counsel, defendant must first demonstrate that counsel not only committed errors, but also performed outside the "wide range of professionally competent assistance." <u>Id.</u> at 690. Defendant must show that counsel's representation failed to meet an objective standard of reasonableness. <u>Id.</u> at 688. To establish prejudice, defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. Even if a single aspect of counsel's conduct, considered alone, did not prejudice the defense, prejudice may result from the cumulative impact of multiple deficiencies. <u>Harris ex rel. Ramseyer v. Wood</u>, 64 F.3d 1432, 1438 (9th Cir. 1995). Judicial scrutiny must be highly deferential, with the court indulging in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. <u>Tinsley v. Borg</u>, 895 F.2d 520, 531-32 (9th Cir.), *cert. denied*, 498 U.S. 1091 (1990) (citing <u>Strickland</u>).

Defendant asserts his counsel, Mr. Feiner, was ineffective in failing to discuss the presentence report with him. Mr. Feiner wrote a letter to Mr. Stuckey, saying he had reviewed defendant's 2255 petition and "I have also reviewed items in my file related to his claim that I did not provide him with a copy of his presentence report prior to [the October 21, 2004] sentencing." Gvmt. Resp., Exh. B. Mr. Feiner went on to say:

> My file reflects that on August 23, 2004 I visited Mr. Madrigal-Sanchez at Sheridan. At his request, upon my return to Portland that day, I mailed him the transcript of his plea entry, the indictment, his presentence report and a copy of his plea petition. On August 30, 2004 I sent him a follow up letter referring to the items I had mailed him on August 23. On September 2, 2005 [sic] I mailed a Spanish language copy of the August 30 letter to him.

Id.

Mr. Feiner's letter does not say he discussed the presentence report with defendant. It merely says he provided a copy to defendant.

Even if defendant's factual assertion that Mr. Feiner did not discuss the presentence report with him is true, I conclude defendant's claim does not meet the standards established by Strickland v. Washington. To establish prejudice, the second prong of the Strickland test, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland at 694. In this case, the presentence report and the government's initial proposed recommendation both indicated a sentence of 168 months. Through the efforts of Mr. Feiner, the government lowered its recommendation to 120 months, the length of imprisonment required by the statute and below which the court could not go. Therefore, any alleged failure by Mr. Feiner to discuss the presentence report with defendant could not have produced a different

Page 4 – OPINION AND ORDER

result – defendant received the lowest possible sentence available.

B.    United States v. Booker.

Defendant argues he is entitled to be resentenced based on the Supreme Court's 2005 decision in United States v. Booker. Defendant is mistaken.

The Ninth Circuit recently concluded in United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005), that Booker is not retroactive and therefore does not apply to cases on collateral review where the conviction was final before the Booker decision. Defendant's sentence had become final several months before Booker was decided on January 14, 2005. Therefore, defendant's claim is precluded.

Defendant also asserts the criminal history score in his presentence report was improper. However, because of his admission in the plea agreement of the amount of methamphetamine involved, his criminal history score became irrelevant and a 10-year mandatory minimum sentence became applicable.

For the reasons discussed above, defendant's petition (doc. 158) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED. All pending motions are DENIED as moot.

IT IS SO ORDERED.

Dated this  18th   day of January, 2006.

/S/ James A. Redden
James A. Redden
United States District Judge